MINUTE ENTRY
KNOWLES, M.J.
DECEMBER 8, 2010

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KENNETH MERCER**                                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 10-117**

**CHEM CARRIERS TOWING, L.L.C.**                                        **SECTION "J" (3)**

On this date, plaintiff's Motion for a Protective Order [Doc. #64] came on for oral hearing before the undersigned.  Present were Fred Herman on behalf of plaintiff and Jedd Malish on behalf of defendant.  For the following reasons,

**IT IS ORDERED** that plaintiff's Motion for a Protective Order [Doc. #64] is DENIED.

Despite the label of the motion, plaintiff essentially asks the Court to reconsider its earlier Order dated November 19, 2010 [Doc. #62].  There, the Court ordered plaintiff to submit to a second deposition and to answer questions concerning a job offer that defendant allegedly offered plaintiff after his accident.  Plaintiff argues now -- as he did then -- that any communications concerning the job offer were with his counsel and thus, the attorney-client privilege protects the communications from disclosure.

Plaintiff should have moved the Court for reconsideration under Federal Rules of Civil

MJSTAR(00:06)

Procedure 59 or 60 and addressed the requirements under those rules. Or plaintiff should have appealed this Court's earlier order to the District Court. The present motion is thus procedurally improper given that the Court has already ruled on this issue. This Court can deny the motion on this ground alone.

However, even were the Court to address the motion on the merits, the Court finds that plaintiff has still not carried his burden to demonstrate that the communications concerning the job offer are protected by the attorney-client privilege. As the Court noted in its earlier order, a party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or providing legal advice. *U.S. v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473-74 (2nd Cir.1996).

Here, both plaintiff and his attorney have filed declarations in which they aver that the communications were between plaintiff and his counsel, were intended to be confidential, have been kept confidential and were made for the purpose of obtaining legal advice. But simply parroting the requirements for the application of the attorney-client privilege does not automatically render the privilege applicable. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 206 n.16 (5th Cir. 1999) ("Blanket claims of privilege are disfavored."); *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) ("The privilege must be specifically asserted with respect to particular documents."); 6 James Wm. Moore et al., Moore's Federal Practice § 26.47[1], at 26-148 (3d ed. 1999) ("A bald assertion of privilege is insufficient. . . . [A] claim of privilege must be directed to specific questions . . ., so that the trial court has enough information so as to rule on the privilege claim.") (footnotes

omitted); 3 Weinstein's Federal Evidence § 503.20[4][b], at 503-66.  Here, plaintiff -- by simply repeating the requirement for application of the privilege -- alleges that any communication between him and his counsel concerning the job offer are privileged.  This is inadequate to meet his burden.

The Court also notes that the parties have resolved the dispute as to plaintiff's scheduled deposition.  The Court thanks the parties for their amicable resolution of the dispute.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**